### GILES v. LUCE.

SCHOOLS AND SCHOOL DISTRICTS—DISBANDING RURAL AGRICULTURAL SCHOOL DISTRICT—ELECTION—MANDAMUS—STATUTES.

On certiorari to review an order of the circuit court denying a writ of mandamus to compel the board of education to submit to the electors at the annual school meeting in 1920 the question of disbanding a rural agri-

cultural school district organized in July, 1919, under the provisions of Act No. 226, Pub. Acts 1917, which, pending the hearing in this court, has been amended by Act No. 97, Pub. Acts 1921, providing that the question of disbanding such district may be voted upon five years or more after its organization, which act is not claimed to be void or not binding upon the parties, the judgment is affirmed.

Certiorari to Jackson; Williams (Benjamin), J. Submitted November 1, 1921.   (Calendar No. 29,406.) Decided November 3, 1921.

Mandamus by Frank A. Giles and others to compel Emmett E. Luce and others, comprising the board of education of the rural agricultural school district of Napoleon township, Jackson county, to call an election.   From an order denying the writ, plaintiffs bring certiorari.   Affirmed.

*John F. Henigan*, for appellants.

*W. S. Cobb*, for appellees.

CLARK, J.   Certiorari to mandamus.   A petition to disband a rural agricultural school district organized about July, 1919, under the provisions of Act No. 226, Pub. Acts 1917, was presented to its board of education early in 1920.   On June 7, 1920, the board declined to submit the proposition.   To compel submission at the annual school meeting of July 12, 1920, plaintiffs, voters and taxpayers of the district, petitioned for the writ of mandamus against the board and the trustees.   An order denying the writ was entered July 22, 1920.   In the application for the writ of certiorari made July 30, 1920, plaintiffs say:

"* * * it being apparent that the decision of the circuit judge could not be obtained by July 12, 1920, the date of the annual meeting of said school district,

216—Mich.—16.

said school district meeting was adjourned and has been held open since that time awaiting the decision on this question." * * *

The act in question provided no method for disbanding the district unless it may be said that by the reference found in section 6 a method was prescribed. It seems a declaratory judgment is here sought, for it does not appear that the annual school meeting of 1920 was adjourned beyond July 30, 1920, and, because of the annual meeting of 1921, the meeting of 1920 and its necessary adjournments (2 Comp. Laws 1915, § 5667) are historic, merely. But we need not dispose of the case on that ground. The act in question was amended by Act No. 97, Pub. Acts 1921, in section 3 of which appears the following:

"* * * That whenever any rural agricultural school district has been organized as provided in this act and said rural agricultural school district has complied with the provisions of this act for a period of five years, or longer, the qualified school electors of said school district shall have the right, by presenting the trustees with a petition signed by a majority of the legal school electors, to disband such school district in the same manner as that provided in section six of chapter ten of act number one hundred sixty-four of the Public Acts of eighteen hundred eighty-one, being section five thousand seven hundred thirty-nine of the Compiled Laws of nineteen hundred fifteen."

It is not claimed that this act is not valid and binding upon the parties. It follows that the judgment is affirmed. The question being one of public interest no costs will be awarded.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.